UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH M. WRIGHT,

        Plaintiff,           CASE NUMBER: 06-12289
                                              HONORABLE VICTORIA A. ROBERTS

v.

CHARLES DUNN et al.,

        Defendants.
_____/

## ORDER

### I. INTRODUCTION

This matter is before the Court on: (1) Defendant Little Rock Baptist Christian Care, Inc.'s Motion to Dismiss Pursuant to FED. R. CIV. P. 9(b) and 12(b)(6) filed on September 22, 2006 (Doc. #17); (2) Defendant Rev. C. James Holley's Motion to Dismiss Pursuant to FED. R. CIV. P. 9(b) and 12(b)(6) filed on September 29, 2006 (Doc. # 20); and (3) Defendant Michael Langnas' Motion to Dismiss Pursuant to FED. R. CIV. P. 9(b) and 12(b)(6) filed on September 12, 2006 (Doc. #16). Plaintiff did not respond until January, 2007. These Responses are STRICKEN. They are untimely and they fail to conform with Local Court Rule 7.1. For the following reasons, the Court **GRANTS** Defendants' Motions.

### II. BACKGROUND

In his Complaint, Plaintiff alleges: (1) Racketeering ("RICO"), based on 18 U.S.C. §§ 1961 and 1962; (2) Racketerring and Conspiracy ("RICO"), based on 18 U.S.C. § 1962(c); (3) Slander, Libel, and Conspiracy, based on 18 U.S.C. § 1962; (4)

Malfeasance, Nonfeasance, Breach of Fiduciary Duties and Fraud; and (5) Breach of Contract and Breach of Implied Contractual Duty of Loyalty, Good Faith and Fair Dealing.  Defendants request dismissal.

**A.      General Allegations**

Reading Plaintiff's complaint in conjunction with the papers filed by Defendants, the Court discerns that Defendant Charles Dunn owned and operated a nursing home in Detroit, MI known as Pembrook Nursing Center ("Pembrook").  Defendant Dunn operated the nursing home through Defendant Metro Management, Inc.  ("Metro") and owned the land on which the nursing home was sited.  On April 16, 2004, Defendant Dunn sold Pembrook to Little Rock Baptist Christian Care, Inc. ("LRC").

Plaintiff was secretary, treasurer and chief operating officer of LRC.  Plaintiff alleges that he was to have a 30% ownership interest in LRC and that Defendant C. James Holley, the minister of LRC, was to own 35%.  The remaining ownership interest was divided among others.  A nonprofit, Little Rock Baptist Nursing Centers purchased the real estate on which the nursing home was sited.  Metro Management contracted to provide administrative services.

Plaintiff contends that LRC was profitable under his management.  Meanwhile, Defendant Dunn orchestrated a criminal enterprise to undermine LRC's success. Plaintiff alleges that Defendant Dunn attempted to do this by triggering defaults in the land contract and stock purchase agreement so he could reclaim his business and the property.

On October 26, 2005, Defendant Dunn allegedly removed Plaintiff from LRC's payroll.  In protest, Plaintiff resigned from all positions at LRC.  Plaintiff alleges that a

part of Defendant Dunn's "scheme" included taking steps to change the signatory on various accounts of LRC at Comerica and Huntington Banks so that Plaintiff would no longer have access to LRC's accounts. In addition, Defendant Dunn allegedly submitted fraudulent mortgage applications on behalf of LRC so that LRC could not borrow the money it needed to pay off the land contract. While Plaintiff's complaint primarily raises accusations against Defendant Dunn, Plaintiff purports that others participated in this "scheme."

**B.     Rev. C. James Holley**

Plaintiff makes several allegations against Defendant Holley. First, Plaintiff alleges that Holley as a board member, president, and largest principal shareholder in Little Rock Baptist Christian Care, Inc. conspired to oppress the shareholders and undermine the profitability of LRC. Defendant Holley describes LRC as an existing nursing home facility that was envisioned as an extension of his community outreach in that area of the city of Detroit immediately surrounding Little Rock Baptist Church. Plaintiff contends that Holley maintained managerial control over a criminal enterprise that sought to remove Plaintiff from control at LRC. In a footnote, Plaintiff claims that LRC was profitable during the first year and few months when Defendant Holley was nominally involved in the day to day operations of the nursing home, but became less profitable once Holley relinquished control over the operations.

Second, Plaintiff alleges that he and Defendant Holley agreed that they would jointly own the LRC. Plaintiff would own 35% of the stock and act as chief operating officer. Defendant Holley allegedly acted as a public and institutional relations manager.

Third, Plaintiff contends that Defendant Holley -- along with Defendant Dunn --

3

forced Ms. Olivia Boykins, an administrator at LRC, "out of her administrative role." Defendant's actions allegedly resulted in a dramatic increase in labor expenses and employee compensation.

Fourth, Plaintiff contends that Defendant Holley and Defendant Dunn engaged in a "slander campaign" against Olivia Boykins. They allegedly accused her of incompetence in the discharge of her duties.

Fifth, Plaintiff argues that Defendant Holley engaged in a scheme to undermine and preclude Plaintiff from the affairs of LRC by intentionally, willfully, and maliciously ignoring the adverse acts committed by the other Defendants against LRC.

These factual allegations are the basis upon which Plaintiff seeks to hold Defendant Holley liable for racketeering, racketeering conspiracy, slander and libel, malfeasance, nonfeasance, breach of fiduciary duties, fraud, breach of contract, and breach of implied contractual duties of good faith, loyalty, and fair dealing.

**C.    Little Rock Baptist Christian Care**

Although Plaintiff named LRC as a defendant in Counts I thru IV, the Complaint reveals no allegation of wrongdoing by Defendant LRC. Instead, Plaintiff contends that other Defendants engaged in acts which undermined the financial status of LRC.

**D.    Michael Langnas**

Plaintiff names Michael Langnas as a defendant in Counts I and II of his complaint. Defendant Langnas is Defendant Holley's attorney. Defendant Langnas purportedly participated in the "scheme" by convincing Defendant Holley to assert that Plaintiff was no longer a shareholder of LRC because he resigned from his officer and

director positions. In furtherance of the "scheme," Plaintiff alleges that Defendant Langnas in an opinion letter to LRC stated that Plaintiff had "no shareholder interest" in LRC. In addition, Defendant Langnas is also alleged to have "directed that threats of the unauthorized practice of law be made against Plaintiff in order to deter rightful legal action against the Board of Little Rock."

### III.   APPLICABLE LAW AND ANALYSIS

#### A.   Standard of Review

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. *See* FED. R. CIV. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [Plaintiff to] relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, "to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Rule 9(b) provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." FED. CIV. P. 9(b). The Rule serves to put defendants on notice of the conduct complained of by the plaintiff to ensure that they are provided sufficient information to formulate a defense. *Michaels*

*Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988).  The Sixth Circuit interprets the particularity requirement "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.  *Coffey v. Foamed L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)(internal citations and quotations omitted); *Blount Fin. Serv., Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152 (6th Cir. 1987)("Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact."); *see also Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 825-853 (6th Cir. 2006) (affirming dismissal of fraud action where plaintiff failed to plead reliance with particularity as required by Rule 9(b)).

In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must factor in Rule 8.  Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations.  Fed. R. Civ. P. 8. The Sixth Circuit stated that "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two must be read in harmony."  *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674 (6th Cir. 1988).

Therefore, "courts should not be 'too exacting' or 'demand clairvoyance from pleaders' in determining whether the requirements of Rule 9(b) have been met."  *Id.* at 681.  Instead, if the defendant has fair notice of the charges against him, Rule 9(b) is satisfied.  *Id.* at 680.  A district court, however, need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions.  *See*

*Sanderson v. HCA-The Health Care Co.*, No 04-6342, 447 F.3d 873, 2006 WL 1302479, *2 (6th Cir. 2006).

**B.    Violation of RICO**

Defendants allege that Plaintiff fails to state a claim for a violation of RICO and, on that basis, contend that his complaint must be dismissed. Plaintiff's complaint alleges that Defendants violated Section 1961(1)(a), (4), (5) and Section 1962(c) of RICO.

In order to establish a RICO violation, Plaintiff must show that the Defendants engaged in "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the [predicate acts] constituting violation." *Id.* A "pattern of racketeering activity" is demonstrated by "at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years . . . after commission of a prior act of racketeering activity." 18 U.S.C. § 1962 (c), § 1961(5). Plaintiff must also show that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989).

      1.    <u>LRC, Holley, and Langnas</u>

In Counts I and II, Plaintiff claims Defendant LRC is liable under RICO for the acts of the alleged criminal enterprise. Yet, Plaintiff fails to state allegations that even raise an inference that LRC participated or associated with the "enterprise" in order to undermine its own profitability. Defendant LRC points out that, in fact, Plaintiff claims

that the other Defendants undermined the financial status of LRC.

Similarly, Plaintiff claims that Defendant Holley participated in the criminal enterprise and should be held liable under RICO.  Defendant Holley argues, however, that his relinquishment of managerial control over the LRC in no way reflects participation in a criminal enterprise.  Moreover, his relinquishment also does not implicate any criminal wrongdoing.  It is apparent that Plaintiff's allegations hinge upon Defendant Holley holding the largest interest in the LRC and from having worked with Plaintiff.   These allegations are insufficient to state a claim under RICO.

Further, Plaintiff contends that Defendant Langnas participated in the criminal enterprise.  Defendant Langnas is accused of "directing that threats of the unauthorized practice of law be made against Plaintiff in order to deter rightful legal action against the Board of LRC" and "authoring an opinion that Plaintiff had no shareholder interest in the corporation, essentially directing that his clients defraud Plaintiff of his 45% interest in the corporation."  Simply providing legal advice to a client does not constitute managing or operating an "enterprise" under RICO.  *See Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994)(holding no RICO liability where defendant merely acted like an attorney).  Even assuming an "enterprise" existed, Defendant Langnas actions would only constitute mere "association with" the enterprise, which is insufficient to support a claim of RICO.  In addition, any "threats" concerning Plaintiff practicing law in the State of Michigan without a license would also not constitute the operation or management of a criminal enterprise.

As stated above, to establish a claim under RICO Plaintiff is required to plead that each Defendant committed at least two "predicate acts of racketeering" within a ten

year period, that the predicate acts are interrelated and that the acts "reveal continued, or the threat of continued, racketeering activity." *H.J. v. Northwestern Bell Tele. Co.*, 496 U.S. 229, 236-39 (1989). Plaintiff's complaint is devoid of any facts from which this Court could reasonably infer that the conduct of the Defendants constitutes a pattern racketeering activity in violation of RICO.

Rule 9(b) does not require omniscience; the Rule does, however, require that circumstances of fraud be pled with enough specificity to put Defendants on notice as to the nature of the claim. Plaintiff has not met this requirement and therefore, fails to state a claim upon which relief can be granted. The Court grants Defendants' Motion to Dismiss Counts I and II.

**C.  Slander Libel, Conspiracy, Malfeasance, and Fraud - Defendants LRC and Langnas**

In Count III, Plaintiff asserts a claim for slander and libel. Count IV of Plaintiff's Complaint asserts a claim for malfeasance, nonfeasance, breach of fiduciary duties, and fraud. In these Counts, Plaintiff fails to allege, mention by name, or reference LRC or Langnas. Therefore, the Court grants their Motion to Dismiss Counts III and IV.

### 1.  Slander Libel & Conspiracy - Defendant Holley

Plaintiff does, however, allege that Defendant Holley engaged in a pattern of slander campaigns against former shareholders, specifically Olivia Boykins. Plaintiff contends that Defendant Holley stated Ms. Boykins was incompetent in the discharge of her duties at the nursing home. Defendant Holley argues that this comment is neither libel nor slanderous *per se*, and that Plaintiff is not the proper party to raise this claim.

Under Michigan law, the elements of a defamation claim are (1) a false and

defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault, amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication.  *Northland Wheels Roller Skating Center, Inc., v. Detroit Free Press, Inc.*, 213 Mich. App. 317, 539 N.W.2d 774, 777 (Mich. App. 1995); *see also DeFlaviis v. Lord & Taylor, Inc.*, 223 Mich. App. 432, 566 N.W.2d 661, 667 (Mich. App. 1997); *Bowers v. Reutter*, 951 F. Supp. 666, 672 (E.D. Mich. 1997).  These elements must be specifically pled and proved, and there must be specific proof with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and publication.  *Gonyea v. Motor Parts Fed. Credit Union*, 192 Mich. App. 74, 480 N.W.2d 297, 299 (Mich. App. 1991); *see also Lawrence v. Syms Corp.*, 969 F. Supp. 1014, 1019-1020 (E.D. Mich. 1997).  Plaintiff has not pled facts which support any element of his libel and slander claims.  Given the elements of the claim, it is apparent that Plaintiff cannot maintain an action against Defendant Holley for a statement that did not concern him.

### 2. Malfeasance, Nonfeasance, Breach of Fudiciary Duties - Defendant Holley

Plaintiff contends that Defendant Holley continuously committed malfeasance, nonfeasance, and breached his fiduciary duties to LRC.  Without specificity, Plaintiff contends that Defendant Holley committed malfeasance by (1) wrongfully accusing and misrepresenting to LRC that Plaintiff did not follow his directives and (2) conspiring with the other Defendants, causing Plaintiff irreparable physical, financial and emotional harm.  Simultaneously, Defendant Holley also engaged in nonfeasance.  According to

10

Plaintiff, Defendant Holley continuously committed nonfeasance with respect to the conflict of interest incidents and activities committed by other Defendants. In addition, Defendant Holley allegedly breached his fiduciary duties to LRC and its shareholders.

Generally, a corporate officer is liable to the corporation and the stockholders for losses resulting from their malfeasance, misfeasance, or their failure or neglect to discharge duties imposed by their offices. *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130 (Kan. 2003). A corporation, however, is a legal entity separate and distinct from both its officers and shareholders. *U.S. v. Certain Parcel of Land in Wayne County, Mich.*, 466 F.2d 1295 (6th Cir. 1972). Therefore, it is also a "general rule that wrongs which directly affect[] the corporation itself, and the shareholder(s) only indirectly, give rise to causes of actions only on the part of the corporation." *Glyptis v. Mobil Oil Corp.*, No. M80-179 CA2, 1982 U.S. Dist. LEXIS 16362, *5 (W.D.Mich. June 4, 1982). Accordingly, "a shareholder has no individual or personal right of action against third parties for a wrong or injury to the corporation, even where the effect of that particular wrong or injury resulted in the destruction or depreciation of the value of corporate stock, and even where the complaining shareholder owns all or substantially all of the corporate stock." *Id.* at *6; citing *Green v. Victor Talking Machine Co.*, 24 F.2d 378 (2d Cir. 1928).

Here, Plaintiff vaguely asserts that Defendant Holley's failure to act caused LRC and Plaintiff injury. Plaintiff does not state the nature of these acts. Viewing the complaint in a light most favorable to Plaintiff, he seems to contend that Defendant Holley's alleged malfeasance, nonfeasance and breach of fiduciary duties resulted in the undermining of LRC's profitability. As a consequence, Plaintiff, a 30% shareholder

11

in LRC, was injured. The Court is hesitant to speculate as to the basis of Plaintiff's claims. Even if Plaintiff clearly asserted this as a basis for Count V, this Court would still grant relief to Defendant Holley.

When a shareholder alleges that a defendant breached his or her fiduciary duty by allowing diminution of corporate assets, the injured shareholder must file a shareholder derivative action. "The minimum requirements for such a suit are proof of fraud or abuse of trust in the board of directors of the corporation in failing or refusing to enforce a corporation right or claim, plus demand on said board by the stockholder for such action or proof that the demand would be useless." *Futernick v. Statler Builders, Inc.*, 365 Mich. 378, 387 (Mich. 1961). Plaintiff failed to allege any of these facts. Moreover, Plaintiff does not have an individual cause of action against Defendant Holley for alleged wrongs that only indirectly affect him. Therefore, Defendant Holley's Motion to Dismiss is **Granted** with respect to Count V.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED** in their entirety. Defendants Charles Dunn, Bettie Cotton, Sandra Bowman, and Metro Management Team did not file motions to dismiss. The case continues against them. Defendant Charles Dunn is named in counts I, II, III, IV, and V. Defendant Bettie Cotton is named in counts II and V. Defendant Sandra Bowman is named in counts II and V. Defendant Metro Management Team is named in counts II, IV, and V.

**IT IS ORDERED**.

                                         S/Victoria A. Roberts  
                                         Victoria A. Roberts  
                                         United States District Judge

Dated: March 22, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 22, 2007.

S/Linda Vertriest  
Deputy Clerk

---