**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOSEPH M. WRIGHT,**

        **Plaintiff,**                   **CASE NUMBER: 06-12289**
                                         **HONORABLE VICTORIA A. ROBERTS**

**v.**

**CHARLES DUNN, et al,**

        **Defendants.**
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Joseph Wright's ("Plaintiff") Motion for Relief from this Court's July 6, 2007 Order. Plaintiff alleges that under FED. R. CIV. P. 59 and 60(b) he is entitled to relief based on newly discovered evidence. The Court **DENIES** Plaintiff's motion.

**II.    BACKGROUND**

In May 2006, Plaintiff filed suit against several Defendants alleging: (1) Racketeering ("RICO"), based on 18 U.S.C. §§ 1961 and 1962; (2) Racketeering and Conspiracy, based on 18 U.S.C. § 1962(c); (3) Slander, Libel, and Conspiracy; (4) Malfeasance, Nonfeasance, Breach of Fiduciary Duties and Fraud; and (5) Breach of Contract and Breach of Implied Contractual Duty of Loyalty, Good Faith, and Fair Dealing. The Court found that Plaintiff failed to state a claim against all but one Defendant, Charles Dunn. The Court granted Plaintiff's motion to Amend his Complaint

1

so that he could file a claim of tortious interference against Charles Dunn only. The Court ordered Plaintiff to file the Amended Complaint by July 20, 2007. Instead, on July 23, 2007, Plaintiff filed a motion for relief from judgment. He claims to have discovered new evidence that renders his derivative shareholder claim and fraud claim against Dunn and several other Defendants cognizable.

Specifically, Plaintiff argues he has standing to bring a shareholder suit against Defendants because he is a current shareholder. In his previous pleadings, Plaintiff argued that Defendants improperly rescinded his stock at the time of his termination. Now, Plaintiff says Defendants did not rescind his stock. Rather, in September 2006, he claims Defendants Holley, Little Rock Baptist Christian Care, Dunn, and Ambassador Nursing Home, Inc. signed a new Purchase and Sale Agreement and transferred corporate assets to another entity. Plaintiff asserts that this de facto merger defrauds him of his stock ownership. Because Plaintiff is unsure of whether the de facto merger resulted in a "cancellation" of his stock or the "fraudulent transfer and conversion of Little Rock Baptist Christian Care's assets," he seeks relief from judgment and discovery on these claims.

## III.   ANALYSIS

Rule 59(e) allows a court to alter or amend a judgment if there is newly discovered evidence. *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999). To constitute newly discovered evidence, the evidence must have been previously unavailable. *Id.* at 834. A motion under Rule 59(e), however, does not give a plaintiff the opportunity to simply reargue the merits of his case. *Id.*

A party can also obtain relief from judgment under Rule 60(b)(2) upon discovery

of new evidence. FED. R. CIV. P. 60. "The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998). A movant under Rule 60(b) fails to demonstrate entitlement to relief when he or she simply rephrases allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). To the extent Plaintiff attempts to relitigate issues that were already decided against him, such as his fraud claims against Dunn, Ambassador, and Metro, he is not entitled to relief.

Plaintiff claims to have recently "discovered" new evidence establishing that he retains his stock in Little Rock Baptist Christian Care and, therefore, can bring suit under Michigan law for shareholder oppression. The Court dismissed this claim because Plaintiff was not a "current" shareholder when he sued Defendants on May 19, 2006. Plaintiff now maintains that his stock was not rescinded, as he originally pled, but that in September 2006 Defendants executed a "retransaction," which retained his stock. Plaintiff provides no evidence in support of this allegation.

Further, it is unclear from the pleadings whether the alleged "retransaction" did affect Plaintiff's stock. In his brief, Plaintiff says that on or about October 2005, he was informed that his stock was "cancelled." Then, he claims that in September 2006 Defendants retransacted the original stock transfer agreement. These allegations continue to support the Court's holding; that is, Plaintiff does not have standing to assert a claim for shareholder oppression under M.C.L. § 450.1489 because he was not a current shareholder when he filed suit on May 19, 2006. *See Estes v. Idea Engineering & Fabrications, Inc.*, 250 Mich. App. 270 (Mich.App. 2002). Defendants subsequent

merger, if it occurred, would not affect this Court's holding.

Plaintiff also claims that since he is unable to locate any corporate filings "rescinding" his stock, his ownership rights existed at the time he filed suit and were divested by the September 2006 merger and stock transfer sale. Even if this is true, the Court finds that Plaintiff did not exercise due diligence in discovering his "new evidence" that he still owned stock when he filed suit. In order to prevail on a Rule 60(b)(2) motion, a "movant must demonstrate that he exercised due diligence in obtaining the information." *Rhoden v. Campbell*, No. 98-6298, 1999 WL 1206958, *3 (6th Cir. 1999).

Due diligence would have revealed Plaintiff's so called new evidence. This Court reviewed and issued Orders on two motions to dismiss filed by different Defendants. Plaintiff replied to both, arguing that Defendants unlawfully rescinded his stock per a letter from Defendant Holley's attorney. See Pl Response Brief and Proposed Amended Complaint at 10-12. Thus, regardless of whether Defendants divested Plaintiff of stock after filing suit, Plaintiff still could have discovered his stock was not rescinded, or he could have relied on the same allegations set forth in this motion, to establish he was a "current" shareholder at the time he filed suit.[1]

Plaintiff fails to establish that he exercised due diligence in obtaining this "new evidence" before entry of judgment in favor of Defendants.

---

[1] In this motion, Plaintiff states the following as proof Defendants did not rescind his stock until the September 2006 merger: (1) no notice of cancellation of stock was provided to him; (2) no judgment of rescission was entered by a court of competent jurisdiction; and (3) no resolution of redemption setting the stock value at zero dollars was passed by the board.

He asks to file an Amended Complaint after the Court decides this motion. The Court **DENIES** his request. The Court's July 6, 2007 Order clearly stated that Plaintiff must file an Amended Complaint by July 20, 2007. Instead of filing the Amended Complaint as ordered, Plaintiff filed this motion three days after that deadline. Because Plaintiff failed to timely file the Amended Complaint on his only remaining claim, his case is dismissed in its entirety.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion is **DENIED**; his case is **DISMISSED. IT IS FURTHER ORDERED** that Defendants' Response to the Motion for Reconsideration is stricken and deemed not a part of the record because Local Rule 7.1(g) prohibits a response to a motion for reconsideration.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: August 7, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 7, 2007.

s/Carol A. Pinegar
Deputy Clerk

---